

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 99-634-3 |
| Respondents | : | |
| v. | : | |
| ANGEL LOPEZ | : | CIVIL NO. 03-818 |
| Petitioner. | : | |

**FILED OCT 31 2007 MICHAEL E. KUNZ, Clerk By_____ Dep. Clerk**

## MEMORANDUM

BUCKWALTER, S.J.                                                                October 30, 2007

    Presently before the Court is Petitioner's Motion for an Independent Action to Obtain Relief from Final Judgment or Order pursuant to Fed. R. Civ. P. 60(b) (Docket No. 116), the United States' Response in Opposition (Docket No. 122), Petitioner's Post Hearing Memorandum (Docket No. 127), the United States' Second Response in Opposition (Docket No. 128), Petitioner's Reply to the Government's Post Hearing Memorandum (Docket No. 129), and Petitioner's Combined Motion for Discovery (Docket No. 121). For the reasons stated below, Petitioner's Motion pursuant to Rule 60(b) and Petitioner's Combined Motion for Discovery are **DENIED**.

## I. INTRODUCTION

    Petitioner, Angel Lopez, is currently serving a 135 month sentence in Federal Prison. Lopez moves for relief from final judgment under Federal Rule of Civil Procedure 60(b). Lopez asserts that in February 2003 this Court improperly denied, without granting a hearing, a collateral attack on his sentence brought under 28 U.S.C. § 2255. Lopez requests that the Court

reconsider his claim of ineffective assistance of counsel, this time with the aid of an evidentiary hearing and, after reviewing the merits, that the Court vacate, set aside, or correct Lopez's sentence.

## II. BACKGROUND AND PROCEDURAL HISTORY

### A. THE GUILTY PLEA AND SENTENCING HEARING

On August 28, 2000, Angel Lopez entered a guilty plea to two counts of possession of a controlled substance with intent to distribute. According to his signed plea agreement, Lopez would cooperate with the government, and in exchange the government—if it determined in its "sole discretion" that Lopez fulfilled all of his obligations—would file a downward departure motion under Sentencing Guidelines Manual § 5K1.1. (Guilty Plea Agreement 1-4.) The plea agreement was entered into and negotiated with the aid of Lopez's attorney, Mark S. Refowich. (See Change of Plea Hr'g Tr., Aug. 28, 2000.)

Over the next two years, Lopez cooperated with the government in an effort to obtain the downward departure motion. During this period, he wore a body wire, gave the names of several former drug suppliers, and set up sting operations, among other activities. (Sentencing Hr'g Tr. 18, Feb 22, 2002.) Refowich was not involved in oversight of Lopez's cooperation. (60(b) Motion Hr'g Tr. 10:7-8, Apr. 24, 2007.)

About one year in, Lopez told one of his former drug suppliers, a man whom Lopez did not believe to be a focus of the investigation, that he was working as a government informant. (60(b) Motion Hr'g Tr. 56-58.) As a result of this conversation, the government felt its investigation had been compromised. (Sentencing Hr'g Tr. 19.) The government told Lopez in about March of 2001 that he was unlikely to receive the section 5K1.1 motion. (60(b) Motion

2

Hr'g Tr. 57:22-25.) Nonetheless, in the subsequent months, Lopez continued to assist the government, because the government, Lopez contends, represented to him that it might still make the section 5K1.1 motion. (Id. at 58-60.) As of his sentencing, no successful prosecutions resulted from Lopez's assistance. (Sentencing Hr'g Tr. 19:24-20:2.)

Sentencing, which had been continued several times due to Lopez's ongoing cooperation with the government, was held on February 22, 2002. The Assistant U.S. Attorney in the case, Nelson Thayer, contacted Refowich prior to sentencing. Thayer told Refowich that the government would not make a section 5K1.1 motion because in its estimation Lopez had failed to provide substantial assistance to the government. (60(b) Motion Hr'g Tr. 10:9-18.) The government's sentencing memorandum further elaborated on its decision not to file a section 5K1.1 motion, noting that Lopez "attempted to cooperate with the government," but "alerted a former supplier . . . , which fatally crippled the government's investigation." (Guilty Plea Mem. 2.)

Refowich had this information when he met with Lopez several days before sentencing. In this meeting, Refowich gave the bad news to Lopez that he would not receive the downward departure motion, and as a result, based on the level of offense and his prior record, he could expect to be sentenced to between 155 and 188 months. Refowich explained to Lopez that he thought this might be reduced in two ways. The first was that he could request that the Court reduce the sentence under section 5K2.0, asking it to consider Lopez's cooperation as a mitigating factor. The second involved Lopez continuing his efforts to cooperate with the government in the hopes of having the government, subsequent to Lopez's sentencing, file a motion under Federal Rule of Criminal Procedure 35. (60(b) Motion Hr'g Tr. 11-12.)

3

Refowich testified that he advised Lopez not to appeal. (Id. at 47:15.) The purported basis for this advice was that if Lopez did appeal, he would have no chance of receiving a Rule 35 motion from the government; he would also risk a possible government appeal were the Court to depart from the Guidelines. (Id. at 12-13.) Refowich also testified that Lopez told him that he did not want to appeal—that he would focus his efforts on receiving the Rule 35 motion. (Id. at 46.)

At the sentencing hearing, Lopez faced a Guideline range of 151 to 188 months imprisonment and a statutory mandatory minimum of 120 months. (Sentencing Hr'g Tr. 4.) Refowich requested from this Court a downward departure on two grounds: he argued first that Lopez's criminal history over-represented the significance of his prior criminal conduct (id. at 2-5; 13); and second that the Court should consider Lopez's cooperation as a mitigating factor under Sentencing Guidelines Manual § 5K2.0. (Id. at 12-13). The Court agreed with the first of these arguments and reduced Lopez's criminal history category from a Level IV to a Level III, which made the sentencing range as low as 135 months. (Id. at 4:2-4; 10:12.) As to the second argument, the Court acknowledged that it could take Lopez's cooperation into account within the Guidelines range, but as to changing the range itself, the Court stated, "I can't in good conscience reduce that any further in my judgment. . . . I would if I could, but I can't—I have to be true to the guidelines here . . . ." (Id. at 14:4-7; see also id. at 16:6-10.)

At the end of the hearing, Thayer put on the record the extent of Lopez's cooperation and the reasons the government did not file a section 5K1.1 motion. (Id. at 17-20.) He stated that Lopez's cooperation did not "rise to the level of substantial assistance" (id. at 18:22-23), because Lopez withheld information and "alerted [a] major supplier to the fact that he

4

was cooperating." (Id. at 19:8-9.) Thayer added, "Mr. Lopez has provided some more recent information . . . . [T]he DEA has considered that information and will consider any other information that Mr. Lopez has with an eye towards a possible Rule 35 departure down the road." (Id. at 20:3-7.) Refowich did not object to the government's version of events.

The Court advised Lopez of his appellate rights. (Id. at 17:15-18.) The Court sentenced Lopez to 135 months, the bottom of the Sentencing Guidelines range. (Id. at 16.)

According to Refowich, he did not further discuss Lopez's grounds for appeal after the sentencing hearing. (60(b) Motion Hr'g Tr. 49.) Lopez has contradicted Refowich's version of events concerning their discussions of a possible appeal, testifying that Refowich did not discuss with him his appeal rights at all until right after the hearing ended. Lopez asserts that at this time he told Refowich that he wanted to appeal because the government did not hold up its end of the bargain. Refowich's response, according to Lopez, was simply that there were no grounds for appeal. (Id. at 66-67.) Lopez did not file an appeal.

### B.     THE SECTION 2255 MOTION

On February 10, 2003, Lopez—represented now by Matthew M. Robinson—filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. In his motion, Lopez presented two grounds for relief:

- A. Petitioner's substantive due process rights were violated at sentencing when the Trial Court failed to recognize that it had authority to depart downward based upon Petitioner's assistance and cooperation with law enforcement authorities

- B. Petitioner received ineffective assistance of counsel on direct appeal because appealable issues existed and no appeal was filed

(Mem. Law Supp. Pet'r Mot. Vacate, Set Aside, Correct Sentence Pursuant to 28 U.S.C. § 2255, at 2.) As to the second of these points, the only appealable issue that Lopez cited was the Court's failure to recognize that it could depart from the Sentencing Guidelines under section 5K2.0. (See id. at 12-14.) Lopez requested a hearing on his motion. (Id. at 1.)

Without granting a hearing, the Court denied the motion on March 13, 2003. See United States v. Lopez, No. 99-634-3 (E.D. Pa. March 13, 2003). The Court considered each of Lopez's two points. As to the first, the Court held that it did not have the ability to make a downward departure based on Lopez's assistance and cooperation in light of United States v. Abuhouran, which stated that a sentencing court could only make departures where "'the government improperly—either because it has an unconstitutional motive or because it has acted in bad faith with regard to a plea agreement—refuses to offer a motion.'" Id. slip op. at 1 (quoting United States v. Abuhouran, 161 F.3d 206, 214 (3d Cir. 1998)). Accordingly, because there was "no evidence of improper motive or bad faith on the part of the government in the record . . . [,] [t]he court had no ability to depart under § 5K2.0." Id. at 2. The Court went on to summarily dispose of Lopez's second point, stating, "[b]ased on the above analysis, it is clear that [Lopez's] argument that his counsel was ineffective for not appealing the court's failure to grant a 5K2.0 departure must fail as well." Id.

Next, on May 2, 2003, Lopez filed for a Certificate of Appealability ("COA"), raising the same two grounds for relief. (See Mem. in Supp. of Request for Certificate of Appealability.) Lopez made no mention of possible bad faith in his filings and did not protest the fact that no hearing had been granted. (Id.) This Court denied the COA on August 22, 2003,

6

finding that Lopez "failed to make a substantial showing of a denial of a constitutional right." United States v. Lopez, No. 99-634-3 (E.D. Pa. Aug. 21, 2003.)

Lopez also filed for a COA with the Third Circuit. The Third Circuit denied the petition on October 24, 2003. United States v. Lopez, No. 03-2326 (3d Cir. Oct. 24, 2003). The Circuit Court held that (1) Lopez's claim that the Sentencing Guidelines were improperly applied had been "waived because [Lopez] failed to raise it on direct appeal;" and (2) the "ineffective assistance of counsel claim is without merit for the reasons stated by the District Court." Id. This ended Lopez's challenge of his sentence until the present claim was filed.

### C.   THE PRESENT 60(b) MOTION

More than two years later, on December 19, 2006, Lopez—now represented by Cheryl J. Sturm—filed an independent action to obtain relief from judgement or order under Federal Rule of Civil Procedure 60(b). (Petr.'s Mem. Supp. 60(b) Mot.) Lopez asserts three procedural deficiencies in the way the section 2255 motion was handled that, he argues, justify relief under Rule 60(b):

1. The Court "relied on the testimony of the Assistant United States Attorney in violation of a very substantial body of case law" (Id. at 6-7);

2. The Court did not "give Mr. Lopez or his attorney notice of the intent to grant summary judgment [or] follow summary judgement procedures" (Id. at 7-8); and

3. By failing to use summary judgement procedures, the Court "did not give Lopez or his attorney the opportunity to develop the best arguments." (Id. at 8-9.)

The Court granted Lopez a hearing, which was held on April 24, 2007. (See 60(b) Motion Hr'g Tr.) After considerable discussion over what Lopez's claims meant, the Court

asked of Ms. Sturm, "And you're arguing the defect in the habeas corpus proceeding was what?" Ms. Sturm then summarized the issue as follows:

> Your Honor, it was the failure to hold the evidentiary hearing on the claim that defense counsel had been ineffective in, first of all, failing to argue to the Court that the Government had failed to file the 5K in bad faith. And Secondly, defense counsel was ineffective for failing to file a notice of appeal.

(Id. at 24:16-21.) In sum, the argument seems to be that the Court should have held an evidentiary hearing before ruling on the section 2255 motion, and because the Court failed to grant a hearing, Lopez was denied the opportunity to have his valid ineffective assistance of counsel claims heard. Lopez therefore requests that he have this opportunity now, and that the Court consider whether Refowich was ineffective for failing to argue that the government acted in bad faith and for failing to appeal on the issue of bad faith.

## III. DISCUSSION

### A. BRINGING A RULE 60(B) MOTION

To collaterally attack a conviction or sentence, a federal prisoner must file a motion under 28 U.S.C. § 2255. In 1996, section 2255 was amended to limit a federal prisoner to one such motion. Federal Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, 1220 (codified as amended at 28 U.S.C. § 2255 (2000)). After AEDPA's enactment, a "second or successive" petition may be filed only with the approval of the Court of Appeals, and only if it relies on either a new rule of constitutional law or newly discovered facts. Id.

Similarly, Federal Rule of Civil Procedure 60(b)[1] provides a party a chance to seek relief from a final judgment or ask the court to reopen its case. See Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). In Crosby, the Supreme Court considered whether the provisions of AEDPA also "limit the application of Rule 60(b)," even though AEDPA did not directly change Rule 60(b). Id. at 530. The Court held that it did[2] because to find otherwise "would be 'inconsistent with' the statute" and would allow defendants to "circumvent the requirement[s]" of AEDPA. Id. at 531. Thus the Court held that a 60(b) motion that was deemed to be a "second or successive" habeas petition must meet AEDPA's requirements. Id. A second or successive Rule 60(b) motion is, for example, one "that adds a new ground for relief," or one that "attacks the federal court's previous resolution of a claim *on the merits*." Id. at 532 (emphasis in original). However, a 60(b) claim is not second or successive when it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id.

---

1. Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

2. Crosby held that AEDPA's requirements for second or successive habeas petitions applied to Rule 60(b) when the petitioner previously sought post-conviction relief from state court convictions under 28 U.S.C. § 2254; Crosby explicitly did not rule on whether the same requirements apply to those federal prisoners who previously sought relief under section 2255. 545 U.S. 524, 530 n.3. However, the Third Circuit has applied the same requirements to federal prisoners under 28 U.S.C. § 2255. See, e.g., Schweitzer v. United States, 215 Fed. Appx. 120, 123 (3d Cir. 2007) (citing Crosby); Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).

In this case, it is undisputed that Lopez has not met the requirements for a second or successive motion under section 2255.[3] Instead, Lopez argues that there were defects in the integrity of the section 2255 proceeding that justify Rule 60(b) relief. The Court concludes that all three of Lopez's claims, as set forth in Part II.C supra, essentially amount to an argument that this Court should have, but failed to, grant an evidentiary hearing on Lopez's ineffective assistance of counsel claim.[4] This comports with Ms. Sturm's description of the issue during oral arguments quoted above. If it is true that the Court failed to grant a hearing when such a hearing was warranted, the Court agrees that this would be a defect in the integrity of the habeas proceeding possibly justifying Rule 60(b) relief. Therefore, the Court will next consider whether it impermissibly dismissed the section 2255 motion without a hearing.

---

3. Lopez's 60(b) motion has not been "certified . . . by a panel of the appropriate court of appeals." 28 U.S.C. § 2255.

4. Lopez's first claim, that this Court impermissibly relied on statements by prosecutors, is at best an argument that this Court should have granted a hearing. In Machibroda v. United States, the primary case cited by Lopez (see Petr.'s Mem. Supp. 60(b) Mot. 6), the Supreme Court held that where prosecutorial statements are directly contradicted by statements by the petitioner, and where the court considering the motion has no basis in the record to determine which account is accurate, the court must grant a hearing rather than solely relying on the prosecutorial statements. 368 U.S. 487, 494-95. Thus, if this court did in fact rely on prosecutorial statements contradicted by Lopez, as counsel suggests, this Court may have had to grant a hearing on this disputed fact.
   As to the second and third claims, Lopez argues that this Court, based on Blackledge v. Allison, 431 U.S. 63 (1970), should have followed summary judgment procedures prior to dismissing Lopez's 60(b) motion. Thus, he argues that the Court was required to give "notice of intent to grant summary judgment," and suggests that the Court should have allowed Lopez to conduct discovery. (See Petr.'s Mem. Supp. 60(b) Mot. 7.) In Blackledge, the Supreme Court analogized to the summary judgment process, Blackledge, 431 U.S. at 70, but it did not require that in handling section 2255 cases district courts give notice of intent to grant summary judgement. Nor are there any cases in this Circuit—either cited by counsel or that this Court is aware of—that require this procedure. Furthermore, the Third Circuit has applied the same general standard in determining when to allow discovery as when to grant a hearing. Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987) ("Just as bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing, neither do they provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who chooses to seek such discovery." (citation omitted)). Essentially, Lopez is arguing that this Court did not have a sufficient basis to dismiss the section 2255 motion, and as a result the Court should have conducted an evidentiary hearing. The question as to whether a hearing was in fact warranted is discussed in Part III.B, infra.

10

B.  **SECTION 2255 HEARINGS**

A district court must "grant a prompt hearing" on a section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The decision whether to grant a hearing is committed to the "'sound discretion of the district court.'" Brown v. United States, 45 Fed. Appx. 92, 94 (3d Cir. 2002) (quoting Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir.1989)). In making its decision, the district court must accept as true all non-frivolous allegations and grant a hearing unless the petitioner clearly has no grounds for relief. Id. Such determinations, when appealed to the Circuit Court, are reviewed for abuse of discretion. Forte, 865 F.2d at 62.

For section 2255 motions that claim ineffective assistance of counsel, the Third Circuit has developed a specific test to determine whether, in light of Strickland v. Washington,[5] a district court must grant a hearing. See United States v. Dawson, 857 F.2d 923, 927-28 (3d Cir. 1988); see also Brown, 45 Fed. Appx. at 94 (citing Dawson). Under Dawson, the district court must first determine what the claims are, second, which of those claims are "nonfrivolous," and third, whether each "nonfrivolous claim clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant," in which case "the claim does not merit a hearing." 857 F.2d at 928.

While this Court did not explicitly go through this analysis in its disposition of the section 2255 motion, it is clear that Lopez's claims—those actually asserted in his section 2255 motion—did not merit a hearing because they clearly failed to demonstrate deficiency on the part

---

5.  Strickland held that a petitioner must prove (1) that counsel's performance was unreasonable; and (2) that there is a reasonable probability that counsel's unprofessional errors caused prejudice. See United States v. Day, 969 F.2d 39, 42 (3d Cir.1992) (citing Strickland, 466 U.S. 668, 687-96 (1984))

11

of Refowich. There is only one claim of ineffective assistance of counsel set forth in the motion—"appealable issues existed and no appeal was filed."[6] (Mem. Law Supp. Pet'r Mot. Vacate, Set Aside, Correct Sentence Pursuant to 28 U.S.C. § 2255, at 2.) If there was no basis for finding that there was an appealable issue, then there was no basis for finding Refowich ineffective for failing to raise it on appeal.

The only appealable issue set forth, which Refowich supposedly was ineffective for failing to raise on appeal, was a claim that the district court failed to understand that it could depart from the Guidelines under section 5K2.0. (Id. at 12-14.) According to Lopez's section 2255 memorandum, the Court could have departed under section 5K2.0 for two reasons: (1) the Court could have departed based on its own view of Lopez's assistance being substantial, even though the government decided not to file a section 5K1.1 motion; and (2) the Court could have examined whether the government's refusal to file the motion was for "bad faith, arbitrariness, unconstitutional motive, or breach of contract." (Id. at 10.)

As to the first of these reasons to depart, the Court correctly determined that under United States v. Abuhouran, a district court may not depart based on its own view of substantial assistance. United States v. Lopez, No. 99-634-3, slip op. at 1 (E.D. Pa. March 13, 2003). The Third Circuit has continually "recognized only two 'extraordinary circumstances' in which a district court may depart from the Guidelines without governmental acquiescence: where the

---

6. It is also important to note what the section 2255 motion did not claim. It did not claim that Refowich was ineffective for ignoring Lopez's request that an appeal be filed. And it did not claim that Refowich was ineffective for failing to argue that the government acted in bad faith. Because these claims were not raised in the section 2255 motion, the Court obviously cannot be held in error for failing to grant a hearing on them. Additionally, to the extent that the current 60(b) motion now raises these claims, they must be dismissed as second or successive section 2255 claims. See Gonzalez v. Crosby, 545 U.S. 524, 533 n.5 (2005) ("We note that an attack based on the movant's . . . counsel's omissions ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." (citation omitted)).

Government refused to file a substantial assistance motion based on an unconstitutional motive; and where the Government acted in bad faith with regard to a plea agreement." United States v. Jones, 382 F.3d 403, 407 (3d Cir. 2004) (explicating Abuhouran) (citations omitted).

As to the second reason to depart, the current 60(b) motion argues that a hearing should have been granted on Refowich's failure to appeal for bad faith. The section 2255 motion did, arguably, raise the issue of bad faith,[7] and to the extent that it did, this claim may have been non-frivolous. But the analysis of whether a hearing should have been granted does not end there.

The burden is on the petitioner to produce evidence of bad faith. United States v. Almodovar, 100 F. Supp. 2d 301, 305 (E.D. Pa. 2000), aff'd, 42 Fed. Appx. 540 (3d Cir. 2002). To prove bad faith, a defendant must show that by refusing to file a section 5K1.1 motion, the government violated its contractual requirements. "The sole requirement is that the government's position be based on an honest evaluation of the assistance provided and not on considerations extraneous to that assistance." United States v. Isaac, 141 F.3d 477, 484 (3d Cir. 1998). Here, the section 2255 motion papers included no evidence of bad faith. Nor was there any evidence of bad faith implicated anywhere else in the record. The government's explanation for not filing the section 5K1.1 motion—that Lopez undermined its investigation by telling a drug trafficker that he was a government informant—was never refuted in the sentencing

---

7. The motion itself includes no allegations of bad faith. (Pet'r Mot. Vacate, Set Aside, Correct Sentence Pursuant to 28 U.S.C. § 2255). The facts section of the accompanying memorandum tells the same basic story of Lopez's cooperation outlined in the facts section here. (See Mem. Law Supp. Pet'r Mot. Vacate, Set Aside, Correct Sentence Pursuant to 28 U.S.C. § 2255, at 4.) The argument section of the section 2255 motion's supporting memorandum refers to bad faith only in the following sentence: "[I]f the government fails to file a section 5K1.1 motion, the Defendant would request that this Court review the government's refusal to depart for bad faith, arbitrariness, unconstitutional motive, or breach of contract." (Id. at 10.) This is the totality of the discussion of bad faith in the section 2255 motion and accompanying memorandum.

13

hearing itself, or in the section 2255 motion papers. The Court noted this in its ruling on the section 2255 motion, when it observed, "there is no evidence of improper motive or bad faith on the part of the government in the record." United States v. Lopez, No. 99-634-3, slip op. at 2 (E.D. Pa. March 13, 2003).

Without any evidence of bad faith, Lopez clearly failed to demonstrate that Refowich was ineffective for failing to file notice of appeal on this issue. Thus it was proper for the Court to dismiss the claim without granting a hearing. See United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988) ("If a nonfrivolous claim clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then the claim does not merit a hearing.").

Because no hearing was warranted, there was no defect in the integrity of the section 2255 proceeding. Therefore, Lopez's Rule 60(b) motion must be dismissed. Because, the 60(b) motion fails on its face, Lopez's motion for combined discovery must also be dismissed.

## IV. CONCLUSION

For the reasons stated above, Petitioner's motion pursuant to Federal Rule of Civil Procedure 60(b) is denied. An Order consistent with this Memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : CRIMINAL NO. 99-634-3

Respondents

v.

ANGEL LOPEZ : CIVIL NO. 03-818

Petitioner.

*FILED OCT 31 2007 MICHAEL E. KUNZ, Clerk By ___ Dep. Clerk*

## ORDER

**AND NOW**, this 30th day of October, 2007, upon consideration of Petitioner's Motion for an Independent Action to Obtain Relief from Final Judgment or Order pursuant to Fed. R. Civ. P. 60(b) (Docket No. 116), the United States' Response in Opposition (Docket No. 122), Petitioner's Post Hearing Memorandum (Docket No. 127), the United States' Second Response in Opposition (Docket No. 128), Petitioner's Reply to the Government's Post Hearing Memorandum (Docket No. 129), and Petitioner's Combined Motion for Discovery (Docket No. 121), it is hereby **ORDERED** that Petitioners Motion to Obtain Relief from Judgement or Order Pursuant to Rule 60(b) is **DENIED**.

It is further ordered that Petitioner's Motion for Combined Discovery is **DENIED**.

This case is **CLOSED**.

BY THE COURT:

_____
RONALD L. BUCKWALTER, S.J.